M. Rodríguez & Co., Plaintiffs and Appellees, *v.* Sons of J. F. de Marj, Defendants and Appellants.—Florencio Ortiz, Intervenor and Appellant.

No. 3594. Argued June 25, 1925.—Decided June 9, 1926.

M. A. *Martínez Dávila* for the appellants.  C. *Domínguez Rubio* for the intervenor.  E. H. *Dottin* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff partnership sued the defendant partnership on three credits covering sales of merchandise, one of which was contracted directly with the plaintiffs and the other two with other commercial concerns which transferred them to the plaintiffs.

The lower court allowed the intervention of another person who, claiming preference over the plaintiffs' claim, demanded from the defendants payment of a certain sum of money alleged to be owed him for salary as an employee. The grounds of intervention were that the defendants' property had been levied on and sold under execution and he had no other means of collecting his claim.

The judgment of the lower court sustained the complaint and dismissed the claim of the intervenor, whereupon this appeal was taken by the defendants and the intervenor.

As the first ground of their appeal the defendants assign that the court erred in dismissing their demurrer that the complaint stated no facts sufficient to constitute a cause of action with regard to the two credits assigned to the plaintiffs, as the complaint fails to allege that the defendants were given notice of the assignment, that being a requisite without which the plaintiffs have no right of action, and that such failure has not been supplied by an averment that the assignment was made with the debtors' knowledge and consent.

Credits may be assigned and the assignment entitles the

assignee, who becomes vested with the rights of the assignor, to bring an action on them, the notice of assignment required by section 347 of the Code of Commerce with respect to mercantile credits which are not negotiable nor payable to bearer having no other purpose than the protection of the debtor against double payment; therefore failure to allege formal notice of the assignment is not fatal to the action, as held in *Espinet* v. *Alvarez*, 25 P.R.R. 329.

This being so, the second ground of the appeal that the evidence did not show that the defendants were notified of the assignments is without merit.

The third assignment of error is on the lower court's admission of testimony to prove the assignments of the credits instead of requiring the production of the assigned documents.

As the obligations were not evidenced by documents, but were credits resulting from sales made to and unpaid by the defendants, oral evidence was sufficient to show that the said creditors assigned to the plaintiffs, who paid for them, their right to collect the amounts represented by them.

The court's admission of oral evidence to prove the existence of one of the assigning partnerships instead of requiring the introduction of the articles of partnership is assigned as a fourth error, but there is no need to consider the assignment because witness Aurelio de Mari, manager of the defendant partnership, testified that he had had mercantile relations with the assigning partnerships, thus acknowledging their existence. *Lamas & Méndez* v. *Betancourt*, 16 P.R.R. 265.

It is also assigned as error that one of the items of the accounts due in sixty days had not become due when the complaint was filed. That is true, but when the amended complaint was filed the period had already expired and the item was due and payable.

The appellants claim that the judgment is contrary to the evidence, but as the contention is based on the erroneous

admission of evidence and not on failure of evidence, a point already considered and decided against the defendants, no further consideration of it is necessary.

In support of his appeal the intervenor alleges that the trial court erred in dismissing his complaint on the ground that the evidence offered to support it was insufficient.

Leaving aside any other question that might arise in regard to the claim of the intervenor, it is clear from the testimony of the two witnesses examined, the intervenor and the manager of the defendant partnership, that the intervenor himself did not know the exact amount owed to him by the appellees, for although he had a fixed salary, it was not paid to him monthly but instead he took on account thereof what he might need and knew the balance in his favor only because he was so told by the manager of the firm by which he was employed, while the manager testified only that there was a balance in favor of the intervenor, but he could not say how much that balance was, as he did not know the salaries earned nor the amounts taken and charged on account thereof; therefore the lower court was justified in holding that the evidence was insufficient to support the intervenor's claim.

For the foregoing reasons the judgment appealed from must be affirmed.